Daronta T. Lewis
CDCR # BH5097.
D.3. SVSP. P.O. Box 1050
Soledad. Ca. 93960-1050

Number of pages _____ 57
Received on _____ 6/21/2023
Scanned/emailed on _____ 6/21/2023
by S. Tomlinson at _____ SVSP
for the Northern District of California.

UNITED STATES DISTRICT COURT

Northern District of California

Daronta T. Lewis
Plaintiff                                Plaintiff

VS

A. French et al
Defendant's                              Defendant's

No.: 3:23-cv-02505-AMO

PERMISSION FOR LEAVE TO FILE FIRST
Proposed Amended Complaint For
Injunctive relief pending CDCR 602.
Grievance 2nd level Complete Exhaustion.
EXTRA PAGE WITH GOOD CAUSE.

(1). Daronta T. Lewis comes Now Pro Se and moves this
Court for Permission for leave to present First
Proposed Amended Complaint For Injunction pending
CDCR 602 Grievance 2nd Level Complete Exhaustion.

(2). To Protect from State of California, Cdcr, SVSP Discrimin-
atory ADA. Vehicles causing Injury to my person &
harm to my U.S. Constitutional & federally Protected
rights.

1

3) 1 there will still be complete diversity of citizenship
2 between plaintiff and all defendant(s), and the amount
3 in controversy in the added claim is still sufficient
4 to support diversity jurisdiction as well.

4) 5 This court has personal jurisdiction over the added _
6 defendant(s) and claim(s), and/or the new proposed
7 defendant(s) and claim(s) Discovered an/or exhaused later by CDCR/DGS.

5) 8 The action was commenced on/or About _____ [date] and
9 adding this claim against "these" defendant(s)
10 will not add undue hardship or burden's on State of
11 California chief law Enforcement officer employing thousand's of
12 certified & licenses deputy attorney general's to
13 represent State civil employee - custodial peace officer's.
14 employed by cdcr, thus this will not cause no -
15 prejudicial delay, but will instead, permit the court
16 to resolve the entire Controversy more quickly
17 and efficiently and Inexpensively all at once.

6) 18. The plaintiff bought this motion at the earlist possible
19 opportunity because _ CDCR- 602's, AND OFFICE OF-
20 INSPECTOR GENERAL./ AND/OR OFFICE OF INTERNAL AFFAIRS
21 OFFICE INVESTIGATION WAS COMPLETED AFTER I FILED
22 INITIAL lawsuit Civil ACTION IN THIS CASE. PLUS I HAD
23 TO LITIGATE THIS CASE IN THE NINTH CIRCUIT COURT OF
23 APPEALS AND AFTER IT GOT REMANDED BACK TO THE
24 EASTERN DISTRICT COURT, of MAGISTRATE JUDGE AND/OR
25 DISTRICT JUDGE : "unknown" _____ The honorable -
26 presiding judge has to finally screen the complaint
27 Which is pending presently and/or after this filing
28. of Amended complaint. And state law claims to be filed within 2 yrs.

4

1 ┼Thus since plaintiff is now able to inform the courts of
2 the added defendants and make the court aware of the
3 additional claim's I am now doing so, as promptly as
4 possible with caution due to discovery and investigation
5 is still To come ..., by plaintiff But the Government -
6 Claim(s) presentment for investigation and payment -
7 under the California government torts claim act has been
8 reviewed and  Not At ALL ' rejected for Scheduled amount
9 of payment for Claimed injuries by Insurers / State -
10 controller of california for claims herein incorporated
11 pertaining to 4/09/2023 - Retaliation for civil rights -
12 action And ORIGINAL Incident 3/13/2023 ', and the rest
13 as follow(s); AFORE SAID ABOVE AND   . Herein AFTER

(7) 14.                    Supporting paper(s)
15.
This motion is based on this documention the attach.
16 amended complaint, on the Declaration of Daronta T. Lewis,
17 On The Supporting Memorandum of Law, on all of the pleadings
18 and papers already on file in this action, and on whatever
19 evidence and arguement may be allowed at any hearings
20 on this motion.(with a reserve all evidence court order demand).
21

22 Dated: June/18/23

                              _____
                              Signature Pro'se plaintiff

23.

24.

25.

26.

27.

28.

Daronta T. Lewis
CDCR#BH5097
SVSP P.O. Box 1050
Soledad, CA93960-1050

1

2                    UNITED STATES DISTRICT COURT

3                    NORTHERN DISTRICT OF CALIFORNIA

4

5   Daronta T. Lewis

6           Plaintiff,                              Plaintiff,

7

8                              vs.

9   A. French et al...

10          Defendant(s),                          Defendant(s),

11

12  NO: 3:23-cv-02505-AMO
    MOTION TO AMEND AND AMENDED—
13  Notice of Complaint For Injunction

14  after Notice of Injunction filed on

15  CDCR & Notice of lawsuit filed under
    ADA OF 1990 Title II, §§ 12101,12131,12132,
16  Title II of the ADA SECTION 504 OF THE REHABILI—
    TATION ACT OF 1973, Architectual Barriers Act OF
17
    1968, CONTINUED ON PAGES ___ — ___
18

19  PERMISSION TO FILE INJUNCTION PEN—
20  DING CDCR APPEAL PROCESS. IMMIENT
    DANGER. EX. NON COMPLIANT ADA-VAN'S.
21  SUMMARY OF COMPLAINT        EXHIBIT(A)....

22  (1). Plaintiff is presently incarcerated at the Salinas Valley

23  State Prison (SVSP). The events at issue in the Complaint all-

24  egedly occurred at the California SVSP-Salinas Valley State Pri-

25  son. in Soledad, California, why plaintiff is now incarcerated

26  therein the custody of the California Department Of Corrections

27  and Rehabilitation(CDCR). Plaintiff names as defendant(S) the of

28  California, CDCR, Gavin Newsom(Govenor,State of California),

                              4

Connie Gipson (Director, CDCR), Ralph Diaz (Secretary,CDCR), Trent Allen(Warden, SVSP), E. Borla(ADA Associate Warden,SVSP, LT. M. Beresoria,SVSP), Captain Lomelli(Supervisor of Officers A. French, Escobedo, and Sergeant Williams,SVSP), A. French(Transportation Officer,SVSP), and Escobedo(Tranport Officer,SVSP) *SEE PAGE #7. EACH DEFENDANT ABOVE SUED IN OFFICIAL AND INDIVIDUAL CAPACITIES ADDED DEFENDANTS AND CAPACITIES SUED IN. PAGE 7.*

A summary of Plaintiff's allegations as follows:

Plaintiff is disabled under the Americans with Disability Act (ADA). He is wheelchair bound due to gunshot injuries and wears a neck brace, back brace, ans left arm sling. He cannot use the left side of his body, and cannot walk.

(2). On 3/13/23 , at 13:25 hours at SVSP, defendants A. French and Escobedo(Transport Officers) picked Plaintiff up at the D-Facility security exit-entrance gateto drive him to the Correctional Triage Center (CTC) for a physical therapy appointment. Defendant A. French loaded Plaintiff and his wheelchair onto the ADA Van. Plaintiff told the officer he was not buckled and the wheelchair was not strapped in. Defendant  said "just throw on your wheel-chair brakes". Defendant  A. FRENCH  drove the van recklessly and crashed, tipping the Plaintiff forward out of the wheelchair injuring his head, neck, chest, elbow, left shoulder, wrist, back, hip, and knee.The injuries occurred from after arrival at CTC. The officers said they heard a noise from the back only after the van stopped (they lied), but admitted they did not buckle or strap Plaintiff in. The officers took Plaintiff into CTC. Defendant A. French told RN Lalahs [not a defendant] what had happened. Dazed, Plaintiff mumbled, "wasn't strapped got hurt". Lalahs the RN "did

summons" supervisor or the doctors down the hall to physically
examine the Plaintiff. Plaintiff was sent to hospital(Natividad)
for treatment, x-rays and CAT scans to his head, and neck trauma
and once Plaintiff returned from outside hospital (Natividad), Pla-
intiff was sent back to his cell. No broken bones on MRI or CT-CAT
Scan (Revealed Injury per Diagnosis).

~~(3) Defendant(s) T. Allen(Warden,SVSP), and E. Borla(ADA Associate~~
~~Warden) are aware of the condition of their medical transport vehicles due to~~
~~vehicle pre-trip inspections by employees which are reported to entity Supervisor~~
~~( Continued on page ____ )~~

6

Darønta T. Lewis CDCR#BH5097
D-3-118 ADA - SVSP P.O. Box 1050
Soledad, Calif. 93960-1050.
Pro'se Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARONTA T. LEWIS
PLAINTIFF

vs

Gov. Gavin Newsom of the State of
California Sued in official capacity,
Connie Gipson Director of CDCR sued
in official capacity, California DEPART-
OFCORRECTIONS AND REHABILITATION Public.
ENTITY SUED in official capacity, SECRETARY
of CALIFORNIA DEPARTMENT of CORRECTIONS
AND REHABILITATION KATHLEEN ALLISON SUED
IN OFFICIAL CAPACITY, WARDEN of SVSP TREAT-
KREN SUED IN OFFICIAL AND OR INDIVIDUAL
CAPACITY, ASSOCIATE WARDEN of ADA E. Borla-
SUED in OFFICIAL AND OR INDIVIDUAL CAPACITY
CAPTAIN _____ OF CTC-Transport SUED
IN OFFICIAL AND OR INDIVIDUAL CAPACITY, LIEUTENANT.
M. BESERO OF CTC TRANSPORT SERGEANT
WILLIAMS OF TRANSPORT, A. FRENCH. CTC TRANS-
PORT OFFICER, SUED IN OFFICIAL AND OR INDIVIDUAL
CAPACITIES, ESCOBEDO CTC TRANSPORT -
OFFICER SUED IN OFFICIAL AND OR INDIVIDUAL -
CAPACITIES.

F. VITELA -CTC Transport OFFICER SUED IN
OFFICIAL AND OR INDIVIDUAL CAPACITIES.
VENTURA CTC TRANSPORT OFFICER SUED IN OFF-
IAL AND OR INDIVIDUAL CAPACITIES.

And DOES 1 THROUGH 10. INCLUSIVE,
Defendants. ADDED 10 YES.

ADDED DEFFENDANTS

Case No. 3:23-cv-02505-AMO

ADA of 1990 §§12181.12131.12132,
AMERICANS WITH DISABILITIES ACT OF 1990-
(ADA) TITLE II; VIOLATIONS UNDER THE COLOR
OF STATE LAW, SECTION §504 OF THE RE-
HABILITATION ACT OF 1973 (29 U.S.C. §795),
UNCONSTITUTIONAL CUSTOMS & PRACTICES &
Policies pursuant to 42 U.S.C. §1983,
RATIFICATION PURSUANT TO 42 U.S.C. §1983,
CIVIL RIGHTS ACT OF 1871, EIGHTH AND
FOURTEENTH AMENDMENT CLAUSES of
THE UNITED STATES CONSTITUTION, 42 -
U.S.C. §1983, SECTION 2; SECTION 16 OF
THE TRANSPORTATION ACT OF 1964 (49 US.C.§1612)
SECTIONS 1 and 2 of the Architectural-
Barriers Act of 1968 (42 U.S.C.§§
4151 and 4152), Fourteenth Amend-
ment Equal protection clause,
20 U.S.C.§367; 42 USC§§12181,12209,
3 U.S.C.§421. Transport Services -
FOR INDIVIDUALS WITH DISABILITIES,
PASSENGER VESSEL 549 C.F.R §9.1 et seq
and violation under §202 of the ADA,
29 USCS §794, 42 USCS §§ 2000d et seq,
§12132, Civil Rights §§ 34,33 and §8.
Title 18 USC §§241,242, Title 42, Chapter 21
OF The United States code; PC §§197,149,
PC §§ 2650,2651, 2652, Art I .§8. cl 1)
Recipient of Federal Funds liable for
INTENTIONAL DISCRIMINATION CONDUCT THAT
VIOLATE CLEAR TERMS OF RELEVANT FEDERAL &
STATE STATUTE'S, CC §§ 52.1, 51.7, PC §422.6
21 Cal §248.17 (1)
JURY TRIAL DEMANDED. INJUNCTIVE
DECLARATORY, PROSPECTIVE RELIEF, DAMAGES,
AFFIRMATIVE REMEDIES. REQUESTED -
INJUNCTION PENDING APPEAL -ATTACHED.

7

CONTINUED; FEDERAL CIVIL RIGHTS CHARGES

(4)
1. Title II of The Americans with Disabilities Act Section
2. 504 of the Rehabilitation Act of 1973. (2.) And Supplemental
3. jurisdiction over state claims pursuant to 28 U.S.C.A. 1367(a)
4. United States constitutional claims, (3.) Under thee fourteenth
5. Amendment and equal protection Clause, (4.) Eighth Amendt
6. prohibition against cruel and unusual punishment, (5.) Deliberate
7. Indifference to a serious health and Safety need; and, (6.)
8. 3 USCS § 421; 26 USCS §62; 42 USCS §§ 12181, 12209 — Referr to;
9. Transportation Services for Individuals with disabilities
10. (ADA), 49 CFR 37.1 et seq.; (7.) Accessibility specifications
11. under ADA pursuant to transportation Vehicles, 49 CFR 38.1 et
12. seq.; Transportation for Individuals with disabilities; passenger
13. Vessels, 49 CFR 39.1 et seq.; (8.) Pursuant To Secretary of
14. Transportation _____ And Pursuant To The Attorney
(5)
15. General, Decision.  Validity, Construction, an application
16. of Sec. 302 of the Americans with disabilities Act. § 202;
17. ( 42 U.S.C.A. Sec 12182). Prohibiting discrimination on
18. the basis of disability by owner's or operators of places
19. of public accommodations, 136 A.L.R. Fed 1, 28 C.F.R. §§
20. 36.601, 36.608; (9.) Discrimination in public Accommodations
21. Civil rights Act of 1964, Title II, 42 U.S.C. §§ 2000 a-1,2 -3;
22. 2000b-2) Deprivation of Rights under color of State law
23. State Institutions — For mental health patient — Inmates —
24. Civil rights Act of 1871, 42 U.S.C. §1983; public entity had active
25. notice, Gov. c§ 840.2 (b) And Gov c § 840.2. public entity had
26. responsibility to Inspect the property-established as a Violation —
27. pursuant to Armstrong V. Newsom, Remedial orders and Injunction,
28. 2021 WL 933106, ARP at 1, Docket No. 661. Section II. F. of The

8

2

ARP requirements of CDCR.; Id, at 7.. Id. at 22-34.
accessible transport Vehicle S By public Entity Title II-
1.2000.(1)(2), Title II-3.5200 Safety.
(6.)
    Negligence Breach of duty to protect, wrongful-
Ejection, (12) dangerous conditions; premises & property-
dangerous conditions, Failure to maintain "ADA compliant"
equipment, premises, property, Vehicles, aids & devices-
per-required ADA mandates & requirements and
Armstrong vs. Newsum - Injunction's (citation omitted")
(14). Motor Vehicles Injuries "public employees" is liable
for negligent acts or omissions In operation of a Vehicle.
(8). Failure to act to awareness/notice of Disabled
    persons disabilities and refused to exercise care-
due diligence and duty of care to ensure safety &
Securement, BRECH of DUTY OF "THE UTMOST CARE
AND DILIGENCE PURSUANT TO Cal. CIV. Code §2100.
(9) unconstitutional customs and practices, policies
    pursuant to 42 U.S.C. §1983; (10). inadequate training
Pursuant to 42 U.S.C. §1983; (11) Ratification pursuant to
42 U.S.C. §1983, Violation of California civil code A cc§52.1.
The thomas Bane Act, cc§51.7.-53.4, Assault and battery-
By unlawful and/or reckless use/operation of Vehicle,
(14) Reckless disregard for human life health and safety;
(15) Failure to protect from harm; (16) Deliberate Indifference
to health and safety; Eighth amendment cruel and unusual
punishment prohibition clause Violation. In conjunction
with the fourteenth amendment(dueprocess) Gurantee-
Clause against cruel and unusual punishment.

9

3

(17) 1. NOTICE OF THE FEDERAL CIVIL RIGHTS — Action is Filed
2. under the civil Rights act of 1871 ( 42 u.s.c § 1983).
(18) 3. the Rehabilitation Act of 1973 ( 29 u.s.c §§ 701 et seq.).
(19) 4. the Architectural Barriers Act of 1968 ( 42 u.s.c §§ 4151,
5. and 4152), and unspecified regulations promulgated under
6. the statutes. et al, see COVER PAGES 1 - 5 FOR CHARGES FILED.
(20) 7. (18):
8. Darenta T. Lewis, whom is confined to a wheelchair since 2017
9. and is "mobility disabled" a qualified Individual. plaintiff is a
10. protected class member Suing on behalf of himself in the
11. SVSP         CDCR         OF CALIFORNIA
(21) 12. The Defendant(s) The public entity — prison administration
13. providing public facility prison transport services and the
14. governor authoritarian over the california department of
15. corrections and rehabilitations and its presiding Director
16. named as defendant et al.
17. Plaintiff on or about 01/27/23. GAVE NOTICE OF INTENTIONAL
18. DISCRIMINATORY PRACTICES. IN CDCR SVSP 602 log # 358 557
19. CDCR/SVSP. FAILED REFUSED TO REMEDIATE CONTINUED ADA
20. VEHICLE SAFETY AND SECUREMENT DISCRIMINATION. ON 3/13/23
21. AGAIN THE INTENTIONAL DISCRIMINATION OCCURED TWICE IN
22. ONE DAY RESULTING IN PLAINTIFFS PRESENT INJURIES. THE
23. CDCR/SVSP DEFENDANTS & CONN FAIL/REFUSED TO REMEDIATE
24. INTENTIONAL ADA VAN DISCRIMINATION RATIFIED THE PRACTICE
25. UNDER COLOR OF STATE LAW. CDCR — CENTRALIZED SCREENING
26. TEAM—Agent Shani Alliso. INTERVIED PLAINTIFF ON SVSP
27. GRIEVANCE TECH BRITTANY CELL PHONE 4/6/23. THUS CDCR HAD
28. NOTICE ALSO 4/10/23. INJUNCTION WOULD DEFIED TO, CEASE DISCRIMINATION & INJURYS.

4                                    10

## VENUE, PROPER JURISDICTION

(22)
1 Venue in the __Northern__ District of __California__
2 is proper pursuant to 28 U.S.C. §§ 1390, 1391(B), 1331, 1332, 1343(1) -(4)

23
3 PARTIES DEFENDANT
4 Defendant State of __California - Gov. G Newsom__ owns and operates
5 the correctional facilities in dispute, which are state correctional
6 facilities for mee located in __Soledad__ and state of
7 Calif. Titled; __Salinas valley state prison__, CALIFORNIA DEPT OF CORR & REHAB.

(24)
8 Defendant __Gavin Newsom__ governor is sued in his official
9 capacity as a governor of the state of __California__ which is
10 responsible for the supervision and control of inmates at the
11 correctional facilities [Salinas valley state prison

(25)
12 Defendant __Department of corrections__ is Agency charged charged as; CDCR,
13 with authority to maintain and operate the correctional facilities
14 and is responsible for the correctional conditions of confinement
15 and treatment of prisoners - persons incarcerated in these
16 facilities. CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

(26)
17 Defendant __Connie Gipson__ is sued in her official capacity
18 as the Director of the Department of Correction and Rehabilitation
19 which is the agency charged with the authority to maintain
20 and operate the correctional facilities and is responsible for
21 the conditions of confinement and treatment of persons
22 incarcerated in these facilities

(27)
23 Defendant __Trent Allen__ warden is sued in his
24 (official) or/and individual capacity (s) as warden of SVSP -
25 the correctional facility. This defendant is directly supervises
26 and controls this facility.
27
28

(28)(18) 1 Defendant(s). California Department of corrections and
2 rehabilitation (referred to as): CDCR is a person within
3 the meaning of §101(7) of the ADA, 42 U.S.C. §1211(7),
4 and §701 of the VII of the civil rights Act of 1964, 42
5 U.S.c §2000e.

(29)(19) 6 Defendant: CDCR and State of California employees
7 more than 15 or more employees an is an employer
8 within the meaning of §101(5)(A) of the ADA 42 U.S.C
§§12113.(7).

(30)(20) 10 Defendant's: 1 - Through 29  at all times did intentionally
11 discriminate against plaintiff Daronta T. Lewis a
12 qualified individual with a disability as term defined
13 In §3(2) of the ADA 42 U.S.C. §12102.
14
15
16
17
18
19
20
21
22
23

12

✗ D. L

(31) Defendant **E. BOLER** _____ name of Associate Warden, is Sued in [his] or [her] official capacity as A.W. of **SVSP** Correctional Facility. This defendant directly supervises and controls this Facility.

(32) Defendant(s) are legally responsible, in whole or in part, for the operation of the Correctional and rehabilitation Facility, for the Conditions there, and the health and safety of persons confined Or incarcerated there.

(33) At all relevant times, the Defendants or their predecessors In office have acted or failed to act under the Color of State Law.

(34) The Correctional facilities herein is **SVSP** and is an Institution within the meaning of 42 U.Sc. §1997 (1)

(35) Persons confined to the Correctional facility are men as i mr. Daronta T. Lewis. For P.C. §211 2nd degree

(36) Defendants fail to protect plaintiff a person Confined in the CDCR / **SVSP** Facility from: Arrival 1/27/23 -Thru- 3/13/23

by Correctional officers at **SVSP** including being subjected to Discrimination.

BY. - Transport officer French. "As Assign'd By cdcr
BY. - Transport officer Escobedo "As assign'd By cdcr"
BY. - Transport officer John Doe 1 "As Assign'd By cdcr"
BY. - Transport officer John Doe 2 "As Assign'd By cdcr"
Defendant's have been Consciously aware OF DISCRIMINATION PRIOR TO;
03/13/2023 allegations set forth in this complaint with enough
to Implement Safeguards to prevent a retalitory follow up
by correctional officer(s) Defendant's, In this Complaint for
for a Substantial period of time.

See: Continued; Defendant parties to this complaint ε

13

1  (37) DEFENDANT CDCR          "Public Entity"

2  Defendant CDCR AND DEFENDANT STATE OF CALIFORNIA

3  California Department of corrections and Rehabilitation

4  is [public entity] charged with and responsible for appoint-

5  -ing and promoting, through the State of california and

6  CDCR. The members of: CDCR & STATE OF CALIFORNIA.

7  Separately and jointly are; policymakers / Final policy-

8  responsible for enforcing policy. Training, Supervision,

9  Instructions, hiring, and discharging-firing- removing-

10  employees in violation of policys, law U.S. constitutions,

11  discipline, control and conduct of the CDCR prisons

under the State of California authority governed by

12  G. Newsom and Lt Governor Doe   The public entity.

13  CDCR personnel At all relevent times herein -

Defendant Public entity had the power, authority

14  right and duty to control the manner/ in which the

15  Individual officials carried out the objectives of their

employment and to see that all mandates, orders

16  rules, Instructions and regulations, customs, practices

17  promulgated for the CDCR State of california -

18  Dept of corr & rehab were consistent with

19  the u.s. constitution and Stipulations of the u.s.

const, and california constitution and federal

20  laws, and State laws and cdcr policies pursuent

21  to employment mandates & orders of the public entity

22  under the color of State law.

23

24

25

26

27

28

14

<u>PARTIES</u>

1  (38) Davonte T. Lewis the plaintiff is a citizen of the United States
2  and a resident of <u>Monterey</u> (SVSP) presently city <u>OF Soledad</u>
3  under custody & control of CALIFORNIA DEPT OF CORR. & REHABILITATION
4  at ° SVSP/cdcr. _____ CITY OF <u>Soledad</u> _____ CALIF.

5  (39) Defendant <u>French</u> _____ a Defendant who was at all times =
6  relevant to the Federal civil rights & statelaw statutes violation(s)
7  which are subject of this lawsuit an officer/deputy ° <u>French</u>   OF
8  <u>CTC-Transport</u> _____ of the; CTC- OF SVSP
9  CTC Dept. The act(s), omissions, customs of Defendants: <u>French</u>
10  which are the subject of this lawsuit were undertaken in the regular
11  course of (his)/her employment for. Defendant [Public entity] Municipality
12  He)/she is sued in (his)/her Individual and official capacities.
13  upon Information & belief Defendants <u>French</u> _____ is a resident of
14  <u>Monterey</u> _____ In which (he)/she is employed - In city: <u>Soledad</u>
15  California.

16  (40) Defendant <u>Escobedo</u> _____ a Defendant was at all times relevant
17  to the Federal civil rights & state law statutes violations which are
18  subject of this lawsuit and officer/deputy. <u>Escobedo</u>   OF
19  <u>CTC-Transport</u> _____ of the CTC OF SVSP
20  Dept. The act(s), omissions, customs of Defendants: <u>Escobedo</u>
21  which are subject of this lawsuit WERE _____ were under <u>taken in the</u>
22  regular course of (his)/her employment for. Defendant [Public entity]
23  Municipality (He)/she is sued in (his) Individual and official capacities.
24  upon Information & belief Defendant: <u>Escobedo</u> _____ is a resident of
25  <u>Monterey</u> _____ In which (he)/she is employed - In city: <u>Soledad</u>
26  California.

27

28

(41)

(1) (31) Defendant Transport-Doe 1 _____ a defendant, was at all times
2 relevant to the Federal civil right(s) & State law penal code/statutes -
3 violation(s) which are subject Of this lawsuit. An officer/deputy
4 Transport Doe 1 _____ of the CTC OF SVSP.
5 CTC _____ Dept. The acts, omissions, customs, practices of Defendant: Trans-
6 Port DOE 1 _____ which are subject of this lawsuit were under-
7 taken In regular course of his/her employment for Defendant [public
8 entity]/Municipality. (He)/She is sued in his official and Individual
9 capacities. upon information and belief Defendant: Transport Doe1 _____
10 is a resident of Monterey _____ In which (he)/she is employed
11 In city of. Soledad _____ CALIFORNIA

12 (42) Defendant Transport DOE2 a defendant, was at all times relevant
13 to the Federal civil right(s) & state law Statutes violation(s) which are subject
14 of this lawsuit, an officer/deputy Transport DOE2 _____ of the CTC OF SVSP
15 CTC _____, Dept. The acts, omissions, customs, practices,
16 of the Defendant Transport DOE2 which are the subject of this lawsuit
17 were undertaken In regular course of (his)/her employment for
18 Defendant [Public entity] Municipality (He)/she is sued in his
19 official and Individual capacities. upon Information and belief
43 ( Defendant Transport DOE 2 is a resident of Monterey
21 In which (he)/she is employed In city of Soledad CALIFORNIA.
(44) 22 (34) Defendant VENTURA _____ a defendant, was at all times
23 relevant to the Federal civil right(s) & state law penal code/statutes
24 violation(s) which are subject of this lawsuit, An officer/deputy
25 Ventura of CTC Transport _____ of the CTC OF SVSP.
26 Dept. The acts, omissions, customs of the defendant: Ventura _____
27 which are the subject of this lawsuit were under taken In regular Course
28 of (his)/her employment for Defendant [public Entity] Municipality

16.

16.

## PARTIES

~~(62) Durrell R. T. Lewis the plaintiff is a citizen of the United States and a resident of Monterey County, City of Soledad under custody & control of California Dept. of Corrections and Rehabilitation at: SVSP/CDCR City of Soledad, Calif.~~

~~(63) Defendant J. Garcia a Defendant who at all times relevant to the Federal civil rights & State law statutes violation(s) which are the subject of this lawsuit an officer/deputy J. Garcia of CTC Transport of the CTC of SVSP CTC Dept. The acts, omissions, customs of Defendants: J. Garcia which are the subject of this lawsuit [illegible] in the regular course of (his)/her employment for Defendant [Public entity] Municipality He/She is sued in (his)/her individual and official capacities. Upon information & belief Defendant: J. Garcia is a resident of Monterey County in which (he)/she is employed in city: Soledad California.~~

(45) (64) Defendant F. Vitela a Defendant who at all times relevant to the Federal civil rights & State law statutes violations which are subject of this lawsuit and officer/deputy F. Vitela of CTC Transport of the CTC-SVSP

(46) ~~65~~ Dept. The acts, omissions, customs of Defendants: F. Vitela which are subject of this lawsuit were were under taken in the regular course of (his)/her employment for Defendant [Public entity] Municipality (He)/she is sued in (his) Individual and official capacities. Upon Information & belief Defendant: F. Vietela is a resident of Monterey county In which (he)/she is employed – In city: Soledad CALIFORNIA.

1  ~~thus the failure to intervene in violation of the Battery~~
2  ~~and ADA of 1990 Title II 3 Sec. Intentional Discrimi-~~
3  ~~nation Section 8504 Rehabilitation Act of 1973 29 USC§794~~
4  ~~violation negligent operation of vehicle, and negligence~~
5  ~~in acts and/or omissions in performance of duties which~~
6  ~~put plaintiff in fear for his life health and safety~~
7  ~~causing chest pains and hyperventilation But Defend-~~
8  ~~ants said no medical was available and plaintiff was~~
9  ~~housed in a red lined non-operational alleged ADA cell~~
   ~~with leaking water covering the floor with Sgt John~~
   ~~Does permission (32) plaintiff filed CDCR SVSP Log-~~
   ~~Log# 358357 mailed To CDCR office of Appeals To OIA~~
   ~~Notify each of the Intentional Discrimination at SVSP and~~
   ~~To cease and desist~~
10 (47) on 3/13/2023. The ADA INTENTIONAL DISCRIMINATION
11 CONTINUED. The JAN/27/23. 602 TO CDCR-OIA DID NO GOOD-
12 SAID INTENTIONAL DISCRIMINATION CONTINUED ON DAY OF MY
13 DENTAL APPOINTMENT. CONTROL BOOTH OFFICER E·COY INFORMED
14 Correctional Triage Center CTC-Transport officerS John-
15 DOE 1 and John DOE 2. PLAINTIFF NEEDED REQUIRED ADA-
16 Wheel Chair Vehicle DEFENDANTS FAILED/REFUSED TO BRING A
17 ACCESSIBLE, USABLE ADA VAN AND TOLD ME THROW ON MY-
18 BREAKS, DEFENDANTS JUST SAID "WE'D DRIVE SLOW" Plaintiff was in
19 For life health and safety and was told I dont look like-
20 I'm having chest pains "JUST GO TO DENTAL!" (34) ] upon-
21 PLAINTIFF RETURN DEFENDANT'S A FENCH DRIVER & ESCUBEAO-
22 AGAIN FAILED/REFUSED TO STRAP WHEELCHAIR OR SAFETY BELT ON-
23 ON PLAINTIFF BODY IT WAS Again NONE IN THE BRAND NEW-VAN.
24 John DOE 1 and 2 herein named are Identified by D·3·Control
25 booth officer E·Coy. body worn Camera. and D·3· UNIT-
26 Surveillance Camera monitor's 3/13/2023. As reviewed
27 by Office of Internal affairs and and SVSP. LT·M·STERNS-
28 Investigator-(witness) As To contents OF VIDEO FOOTAGE.

18

(48) Defendants T. Allen (Warden, SVSP), and E. Borla (ADA ASSOCIATE WARDEN) are aware of the condition of their medical transport vehicles due to Vehicle pre-trip Inspections by employees and being Informed through 602's, and Supervisor's receive reports from employees on duty about ___

19

P9 ~~52~~

1   condition of their medical transport vehicles due to vehicle pre-trip inspections by employees
2   which are reported to on-duty defendant Sergeant *Williams*, or **LT Beresoid** Captain *H.Lomelli* *oF*
3   CTC, and monthly or planned meetings with the Warden and ADA Associate Warden. They are
4   aware of improper, broken, or non-compliant vehicles without up-to-date ADA safety aids and
5   devices to prevent injuries. Thus a dangerous vehicle owned by the State and neglected by the
6   State, on State grounds, left Plaintiff injured knowing this vehicle was not safety compliant, with
7   no safety buckle or (ADA) aids or devices to buckle down the body of a dependent person. The
8   public entity's employees failed to strap down the wheelchair and drove recklessly creating
9   dangerous conditions and admitting guilt. *Per "Body worn CAMERA EVIDENCE"*
10  **49)** Plaintiff felt held against his will for being argumentative about his safety. The officers
11  drove fast and recklessly to throw Plaintiff around, and they declined to let Plaintiff out seeing
12  his displeasure at the lack of vehicle safety aids and devices to secure ADA wheelchair persons.
13  Plaintiff felt ignored and believes he was caused to be shut in, driven recklessly, injured, and
14  silenced about safety. This was an unlawful seizing of a person who demonstrated rejection and
15  declined to be transported unsafely. *PER "BODYWORN CAMERA EVIDENCE"*
16  **50)** Public entities may impose safety requirements necessary for safe operation of its
17  transportation service, programs, or activities. Title 15 of the California code of regulation §§,
18  3270, 3271, Title II-3-5200-safety.
19  **51)** The transport officer        z reported that defendant Lewis pointed out that the ADA
20  van had no safety buckle for him. Unlike Plaintiff, the officers got safety buckles. It is cruel and
21  unusual punishment to discriminate against a person with a disability and because of disability,
22  excluding him from an ADA-safe transport. The officers were eager to clock out of work at
23  14:30-14:45 in the afternoon. Defendant                   ḣ drove the van recklessly. Plaintiff could
24  not protect himself against vehicle assault including a reckless, fast, rough ride with no
25  wheelchair strap or seat buckle. Plaintiff was thrown around head first like a ram into a metal
26  grill gate, and the left side of his body was injured. *Due To Chains & Shackled Irons.*
27  **52)** Initially, defendant Sgt. B. Piper stated that Lewis lied, it was a fake accident, *A. W. oF —*
28  *ADA   h-DisAgreed  ....*  During the incident on                ), the van

*Continued (52)*

1   stopped at the CTC parking lot door-to-entrance. Both officers got out of the van and Plaintiff
2   was knocked out and/or disorientated, dazed, and confused. Officer          kept calling
3   Plaintiff's name.          did not press the safety alarm or radio or call medical at the door to
4   bring a stretcher out of CTC-Hospital. Defendant          z injured Plaintiff more when he
5   picked Plaintiff up. Plaintiff hollered and screamed, "Ouch, Aaah." i          ). The
6   officers knew of the risk of injury in the vehicle to dependent persons who cannot defend
7   themselves against reckless driving with no seat belt.

*(53)*
8   **(E.)** The CTC RN ʳ          declined all and any medical attention or consult with SRN III or SRN
9   II. Officer          was right, they did not dispute that Plaintiff was tipped out of the
10  wheelchair, crashed, and was not buckled or strapped in, Plaintiff was discharged from ~~MCH~~ MR
11  ~~with no medical attention~~ and collapsed later at 8:20pm. CTC emergency RN A. Lopez did log
12  the injuries. Plaintiff's injuries happened due to the ADA van, which discriminated against safe
13  transport service for wheelchair persons. Plaintiff was deprived of equal treatment, safety
14  devices or aids similar to those used for every person in safety transportation vehicles. Because
15  of this discrimination by SVSP, policymakers, superiors, and employees, safety compliance aids
16  and devices to protect dependent wheelchair persons were ~~neglected.~~ *disregarded* The result of the
17  employer's decision, policy, practice, custom, or operation was to exclude dependent persons in
18  wheelchairs from safety transport aids and devices. *cf ADA/RA INTENTIONAL VIOLATION.*

*(54)*
19  **(F.)** Plaintiff's appeal SVSP          ʲ was processed all the way to the Chief level, to J.
20  Spaich and T. Knight on behalf of the Director's level review by Connie Gipson and the Secretary
21  of Correction Ralph Diaz. But back on *1/27/23* , on behalf of Plaintiff, the *PLAINTIFF.*
22  had contacted CDCR Legal Affairs attorney R. Boyd. CDCR was made aware that the State was
23  violating ADA laws with discriminatory practices and policies failing to provide equal safety
24  aids and devices to dependent wheelchair persons in ADA state vans. Plaintiff gave notice and
25  a warning prior to being locked in and denied the option to exit. The State Head officials in
26  Sacramento knew on *1/27/2023* Associate Warden *E. Borla* and Legal Affairs attorney R.
27  Boyd stated *No Response. TO. NOTICE 602* ordered that the vehicle be regulated up-to-date
28  to comply with safe transport laws while service is being provided. Thus, it is discriminatory to

1  deny safety ~~buckles~~ AIDS. Transport officers Nikki Johnson and Jimenez were given safety protection

2  against an accident. SATF knew and the State knew, but they did not fix the problem or respond

3  reasonably, plaintiff was Treated differently and excluded as alleged.

4  Plaintiff requests declaratory relief, injunctive relief, Remedies ~~damages~~, including NOT

5  (punitive damages. NOT REQUESTED) AFFIRMATIVE REMEDIES, CIVIL PENALTIES.

(55)

6  (**¶0**) AMERICANS WITH DISABILITIES ACT (ADA) CLAIM

7  Title II of the Americans with Disabilities Act prohibits a public entity from

8  discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C.

9  § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.),

10  cert. denied, 522 U.S. 971 (1997). The Supreme Court has held that Title II of the ADA applies

11  to state prisons. Pennsylvania Dept. of Corr. v. Yeskey, 524 U.S. 206, 210 (1998); see also Lee

12  v. City of L.A., 250 F.3d 668, 691 (9th Cir. 2001). Furthermore, "there is no question that

13  defendant CDCR, as a 'department [or] agency . . . of a State' is a 'public entity' for purposes of

14  the ADA, 42 U.S.C. § 12131(1)." Jones v. Scotland, No. 2:12-CV-00633 TLN, 2015 WL

15  461633, at *4 (E.D. Cal. Feb. 3, 2015), report and recommendation adopted, No. 2:12-CV-0633

16  TLN DAD, 2015 WL 1347412 (E.D. Cal. Mar. 23, 2015). "Generally, public entities must

17  'make reasonable modification of policies, practices, or procedures when the modifications are

18  necessary to avoid discrimination on the basis of disability, unless the public entity can

19  demonstrate that making the modifications would fundamentally alter the nature of the service,

20  program, or activity.'" Pierce v. County of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting

21  28 C.F.R. § 35.130(b)(7))

(56)

22  Plaintiff states claim under Title II, the plaintiff do "d0" allege four elements: (1) the plaintiff is

23  an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive

24  the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either

25  excluded from participation in or denied the benefits by the public entity; and (4) such exclusion,

26  denial of benefits, or discrimination was by reason of the plaintiff's disability. Simmons v.

27  Navajo County, Ariz, 609 F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d

28  1259, 1265 (9th Cir. 2004) (policy burdened plaintiff in a manner different from and greater than

22

*pg* _____

1   it burdened non-disabled residents, solely as a result of his disabling condition); Weinrich, 114

2   F.3d at 978. "The term "disability" means, with respect to an individual-- (A) a physical or

3   mental impairment that substantially limits one or more major life activities of such individual;

4   (B) a record of such an impairment; or (C) being regarded as having such an impairment (as

5   described in paragraph (3))." 42 U.S.C. § 12102(1)(A)-(C).

6   **[57]** The ADA does not provide a basis to sue government officials in their individual

7   capacities. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring

8   an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate

9   rights created by Title II of the ADA . . . ."). However, a state official sued in his official capacity

10  is a "public entity" under Title II of the ADA. See Miranda B. v. Kitzhaber, 328 F.3d 1181,

11  1187-88 (9th Cir. 2003); see also Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98,

12  107 (2d Cir. 2001) ("Insofar as Garcia is suing the individual defendants in their official

13  capacities [under Title II of the ADA], he is seeking damages from [the state of] New York"). A

14  public entity can be liable for damages under Title II of the ADA "if it intentionally or with

15  deliberate indifference fails to provide meaningful access or reasonable accommodation to

16  disabled persons." Mark H. v. Lemahieu, 513 F.3d 922, 938 (9th Cir. 2008). Deliberate

17  indifference requires: (1) "knowledge that a harm to a federally protected right is substantially

18  likely, and" (2) "a failure to act upon that the (sic) likelihood." Duvall v. Cnty. of Kitsap, 260

19  F.3d 1124, 1138 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001). The ADA

20  plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state

21  failed to provide" and show that the defendant's failure to act was "a result of conduct that is

22  more than negligent, and involves an element of deliberateness." Id. at 1140. Punitive damages

23  may not be awarded in suits brought under Title II of the ADA. Barnes v. Gorman, 536 U.S.

24  181, 189, 122 S. Ct. 2097, 153 L. Ed. 2d 230 (2002) *Thus plaintiff Is ENTITLED TO RELIEF*

**(58)** 25  *Further;* When the plaintiff has alerted the public entity to his need for accommodation (or where

26  the need for accommodation is obvious, or required by statute or regulation), the public entity is

27  on notice that an accommodation is required, and the plaintiff has satisfied the first element of

28  the deliberate indifference test. Id. at 1139. "Deliberate indifference requires both knowledge

1  that a harm to a federally protected right is substantially likely, and a failure to act upon that

2  likelihood." Id. at 1139. "[I]n order to meet the second element of the deliberate indifference test,

3  a failure to act must be the result of conduct that is more than negligent, and involves an element

4  of deliberateness." Id. *Defendants Intentionall discriminated against D.Lewis.*

(5a) 5  (B) ✗ Plaintiff has *not* alleged *all* facts to support the claim that he "was excluded from

6  participation in or otherwise discriminated against with regard to a public entity's services,

7  programs, or activities . . . by reason of [M/] *my* disability." Ernst v. Cate, No. 1:08-CV-

8  01940OWWGSA, 2009 WL 3818229, at *6 (E.D. Cal. Nov. 13, 2009), report and

9  recommendation adopted, No. 1:08-CV-01940OWW GSA, 2009 WL 5178493 (E.D. Cal. Dec.

10  21, 2009) (quoting Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002)). "*lewis* plaintiff

11  alleges that *No securement Aids,* in the van transporting him for medical care, *I* allege

12  facts suggesting that inmates who are not disabled were better secured." (Id.) "Further, *I*

13  *D.Lewis,* plaintiff alleges that *my* injuries resulted from the van's condition or lack of repair,

14  maintenance, or replacement, he has *no* alleged that he was treated differently from any other

15  inmate transported in the van, The accident in which plaintiff was injured simply is *no* the type

16  of discrimination that the ADA was intended to address." (Id.) (See also, *ATTACHED*)

(60) 22  (B) CIVIL RIGHTS ACT -- 42 U.S.C§ 1983 CLAIMS, *1964, ADA of 1990Title II,*

23    A.    Legal Standard — *civil Rights Act of 1964, Section 504 of Rehab Act,*

24  8. The Civil Rights Act under which this action was filed provides:

26  Every person who, under color of any statute, ordinance, regulation, custom, or

27  usage, of any State or Territory or the District of Columbia, subjects, or causes to

28  be subjected, any citizen of the United States or other person within the

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Plaintiff state's claim under § 1983, a plaintiff do allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.3d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

///

**B.**   Section 1983 Claims – Eleventh Amendment Immunity

The Eleventh Amendment bars suits for damages against a state and its agencies, see Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) ("It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."), and against state officials sued in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 169-70, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). However, under Ex Parte Young, the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities." Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n. 28 (9th Cir. 2002) (citations and internal quotation marks omitted). Additionally, the Eleventh Amendment does not bar suits seeking damages against state officials in their individual capacities. Hafer v. Melo, 502 U.S. 21, 30-31 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). Accordingly, the Court DISMISSES with prejudice the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment claims against defendants State of California, the CDCR, SATF, and the individual defendants sued in their official capacities. See also Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

**C.**   Supervisory Liability

Plaintiff names defendants who hold supervisory positions, such as Gavin Newsom, Connie Gibson, Ralph Diaz, Trent Allen, and E. Borla. Plaintiff is State that "[l]iability under [§] 1983 arises plaintiffs showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of subordinates date supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. The required causal connection between supervisor conduct and the deprivation of a constitutional right is established either by direct personal participation or by setting in motion a "series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Johnson, 588 F.2d at 743-44. Plaintiff "do" demonstrate that

1    each defendant, through his or her own individual actions, violated Plaintiff's constitutional

2    rights., Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).  There is

3    no *respondeat superior* liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

4    1989) (citations omitted).  Therefore, to the extent that Plaintiff seeks to impose liability upon

5    any of the defendants in their supervisory capacity, Plaintiff Does state a claim. STARR V. County

6    OF LA. 2009 U.S. Dist. LEXIS 141985 (C.D. Cal, Jan, 8, 2009.

         **D.**    **Fourth Amendment – Seizure**

(64) 7    Plaintiff asserts a claim alleging Defendants deprived him of the right to be free from

8    unreasonable seizures protected by the Fourth Amendment.  The Fourth Amendment protects the

9    "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable

10    searches and seizures." U.S. Const. amend. IV.

11    "[I]f a constitutional claim is covered by a specific constitutional provision . . . the claim

12    must be analyzed under the standard appropriate to that specific provision, not under the rubric

13    of substantive due process." Norvell v. Cty. of Santa Clara, No. 16-CV-07293-BLF, 2020 WL

14    6822915, at *6 (N.D. Cal. Nov. 20, 2020) (quoting Cty. of Sacramento v. Lewis, 523 U.S. 833,

15    843 (1998)).  Claims for unreasonable seizures, excessive force, and deliberate indifference fall

16    under the Eighth Amendment for convicted prisoners.  (Id.) (citing see Bell v. Wolfish, 441 U.S.

17    520, 535–36 (1979); see also Demery v. Arpaio, 378 F.3d 1020, 1028–29 (9th Cir. 2004)).

18    Because Plaintiff was a convicted prisoner at the time of the events at issue in this case, the Eighth

19    Amendment will apply to Plaintiff's claims stemming from the March/13/23 incident. (Id.)

20    (citing see Bell, 441 U.S. at 535–36; Demery, 378 F.3d at 1028–29.)  Here, Plaintiff claims that

21    he was unlawfully seized Denied Exit of the van before route to its destination.

22    Specifically, Plaintiff states that defendant French loaded Plaintiff and his wheelchair into the

23    van, Prior To the drive the defendants declined to let Plaintiff out of the van When I expressed

24    FEAR of The drive and denial of safety aids, as a result i was seized, believes i

25    was caused to be shut it.

26    ‡ state a fourth amendment claim. Harm / injury as was result

27    — Conditions of Confinement- Eighth Ament

28

                                27

(65) 1  ~~Plaintiff Al~~ Plaintiff alleges Eighth Amendment claim. prison officials knew of and

2  did recklessly disregard an excessive risk to plaintiff health & safety.

3  ~~In Known~~ Now. ADA-Safer compliant vehicle(s). Thus, a prison official's may

4  be held liable under the Eighth Ament for denying human conditions of confinement since defendants knew that the passenger faced a substantial

5  risk of harm and defendants disregarded that risk, by failing to take any reasonable measures to abate it.

6

7

8

9  66. Plaintiff alleges that transport officers `A. French` and ~~J. Jimenez~~ loaded Plaintiff, who

10  was seated in his wheelchair, into the back of a van to travel to CTC for a physical therapy

11  appointment. Plaintiff told the officers that I was no safely buckled or strap ~~s~~. Officer

12  ~~Jimenez~~ told Plaintiff to put on his wheelchair brakes, then closed the van door and off they went.

13  Plaintiff alleges that Officer ~~Johnson~~ drove recklessly, causing Plaintiff to fall out of his

14  wheelchair onto the floor of the van resulting in injuries to Plaintiff.

15  ~~. . . . . . .~~ Plaintiff states cognizable claims against defendants ~~Nikki Johnson~~

16  and ETC Al, for subjecting him to adverse conditions of confinement in violation of the Eighth

17  Amendment. And All of ⎯ the other Defendants.

18  ~~F.    Medical Claim — Eighth Amendment~~

19  ~~"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate~~

20  ~~must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091,~~

21  ~~1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for~~

22  ~~deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by~~

23  ~~demonstrating that 'failure to treat a prisoner's condition could result in further significant injury~~

24  ~~or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need~~

25  ~~was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050,~~

26  ~~1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133,~~

27  ~~1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown~~

28  ~~by "'a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm~~

PG36-1

1    ~~he felt, what he saw, who assisted him and what they said and did.   Plaintiff alleges in the~~

2    ~~Complaint that Nurse Soto did not appropriately assist him when he arrived at CTC, but Plaintiff~~

3    ~~did not list Soto as a defendant in the Complaint.   If Plaintiff files an amended Complaint, he~~

4    ~~Will decide whether to add Soto as a defendant.~~

5    **Equal Protection - Fourteenth Amendment**

6    (67)

7    The equal protection clause of the Fourteenth Amendment commands
8    that no State shall "deny to any person within its Jurisdiction the
9    equal protection of the laws", which is essentially a direction that all
10   persons similarly situated should be treated alike."

     Plaintiff alleges defendants acted with an intent or purpose to discrimin-
11   ate against plaintiff based upon membership in protected class

12

13

14

15

(68) 16   ~~(24)~~ Plaintiff Lewis allege's ___ facts demonstrating that he was intentionally discriminated

17   against on the basis of his membership in a protected class, or that I was intentionally treated

18   differently than other similarly situated inmates without a rational relationship to a legitimate

19   state purpose. Mobility Handicap constitute a suspect class for purposes of the Equal Protection

20   Clause, see Does 1-5 v. Chandler, 83 F.3d 1150, 1155 (9th Cir. 1996) ("For the purposes of equal

21   protection analysis, the disabled do not constitute a suspect class."), Pierce, 526 F.3d at 1225,

22   and Plaintiff has not alleged an infringement of a fundamental right.   Plaintiff herein Does

23   allege facts to support that I've been intentionally treated differently than others who are

24   similarly situated., ~~Non-disabled inmates are not similarly situated to disabled inmates~~

25   ~~specifically, to disabled inmates who have a need for a mobility-related reason.~~

26   Plaintiff . . . states claim for violation of his equal protection rights.

27   **H.   State Law Claims**

28

29

(69)

P9362

(27) Plaintiff brings claims for intentional assault and battery, violations of the Unruh Civil Rights Act, and violations of California regulations. Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there was a [deprivation of federal constitutional]& statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). the court may exercise supplemental jurisdiction over state law claims, Plaintiff must allegeS cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

(70) (28) Thus, Plaintiff provided All evidence that he complied with the presentation requirement contained in California Government Code § 900 et seq. California's Government Claims Act establishes certain conditions precedent to the filing of a lawsuit against a public entity. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237, 90 P.3d 116, 118 (2004). "plaintiff did timely file a claim for money or damages with the public entity, (§ 911.2.), and the failure to do so bars the plaintiff from bringing suit against that entity, (§ 945.4.)." Id. Compliance with the claim presentation requirement is an element of the cause of action, Bodde, 32 Cal.4th at 1240, and is required, Mangold v. California Public Utilities Com'n, 67 F.3d 1470 1477 (9th Cir. 1995), and "failure to file a claim is fatal to a cause of action," Hacienda La Puente Unified School Dist. Of Los Angeles v. Honig, 976 F.2d 487, 495 (9th Cir. 1992); City of Stockton v. Superior Court, 42 Cal.4th 730, 738 (Cal. 2007) at 738; Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007). The government claim must be filed or presented to the public entity no later than six months after the cause of action accrues. California Government Code § 911.2. A plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement." Robinson v. Alameda Cty., 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) (quoting Bodde, 32 Cal.4th at 1243; Mangold, 67 F.3d at 1477 (quoting Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 865, 193 Cal.Rptr. 760 (1983) ("Plaintiff compliance with the [CGCA] is done, the plaintiff must allege compliance,

3ø

(71) _____ _____ CAUSE OF ACTION
STATE LAW CLAIMS — Personal Injuries Based on Negligence
Against Employer CDCR — ADA VAN OPERATORS/OWNERS/SUPERIORS
CAUSING RECKLESS FALL. [BATTERY ASSAULT BY RECKLESS OPERATION
OF VEHICLE CAUSING FALL.

(72)
On or about 3/13/23 _____, defendants Hiring Authority Warden
of SVSP I. Allen et al and California Department of Corrections &
Rehabilitation ADA VAN OWNERS/"OPERATORS", undertook and
agreed to transport plaintiff and convey the plaintiff from
(CTC) correctional triage center Back to D. Facility housing of
Plaintiff. In accordance with the agreement i would be Buckled
and Straped In secured In wheel chair. thus Once aboard i
was left seized In vehicle locked in no Exit.

(73) At all times mentioned herein, the Vehicle plaintiff was
On board of as a passenger handicap'd wheelchair bound made
Vehicle was In exclusive Ownership of Warden CDCR and as
well as Its maintenance, control, its operation by the
transport officer's named herein, its management by Supervisors
and Superiors herein named as defendants and its agents,
Servants, and employees. while i was a passenger on this Van-
NON—ADA Securement Compliant.

(74) Defendants Warden, A.W. OF ADA. CDCR. and its agents, employees,
Servants So carelessly, recklessly controlled, operated and
managed the vehicle which was non- ADA-Safety & Securement
Compliant & unsafe It pitched Violently about and droped
the plaintiff Out from under his wheelchair seat and by reason
ther of. plaintiff was drop'd to, fell to, floor with force &
Violence of assaultive push, thereby causing Severe personal
Injuries.
(75) AS a proximate result of the careless and recklessness of

31

1  defendants Warden, ADA. A.w, cocr, and its agents and
2  employees and servants as aforesaid, and the resulting
3  fall by plaintiff, plaintiff was Injured In his health, his-
4  mental & emotional health, his strength, and activities
5  Head, neck, back, eyes, plaintiff was unconcious and
6  Urinated on self, was dysfunctional In writing/reading.
7  enjoyments and litigations. all to my general damages
8  Defendants premises has huge bumps on road, and sudden
9  drops when going over and up bumps and droping down
10 off it suddenly, creating a drop like a pothole and put plaintiff
11 at high risk to fall. and in fear for life health & safety causing
12 mental distress & emotional turmoil and distress, and causing
13 me to urinate on myself.

14
15
16
17
18
19
20
21  I Declare under the penalty of perjury that the foregoing is true
22  and correct under the laws of California.
23  Darunta T. Lewis                    Darontat Lewis
24      June/18/23.
25      Date.
26
27
28

(76)

CAUSE OF ACTION

STATE LAW CLAIMS - WRONGFUL EJECTION / FAILURE TO STRAP BUCKLE PLAINTIFF SAFELY IN VEHICLE - RECKLESS OPERATION OF VAN.

1  (77) On or about __3/13/23__ date plaintiff was a passenger
2  On Board of a state of california owned American with dis-
3  abilities Act Van Vehicle Non compliant with ADA - SAFETY
4  And Security Securement requirements.
5     Operated by Salinas Valley State prison (SVSP) as referenced,
6  a california department of corrections and rehabilitation
7  facility - prison, and vehicles operated by, and under
8  the exclusive authority of Superiors / employer CDCR and the
9  State of california, whom ordered assigned use of the
10  DAngerous vehicle property to control of defendants
11  Warden, ADA. A.W. CAPT OF CTC, LT. OF CTC, SGT OF CTC,
12  transport officers OF CTC. herein named A. French &
13  Escobedo _____ , and its agents, servants, and employees
14  DOES 1-10. individually and collectably as herein Referred to.
15  (78) The california State ADA - Vehicle was equiped with
16  floor - set Securement Mounts for wheel chairs of transport
17  passenger dependent on duty of care of peace officers
18  operating vehicle, and ADA - Vehicle had - Interior Wall &
19  floor set BODY Strap down - Safety belt mounts which were
20  to be used by defendants agents, servants, and employees as
21  As ADA. VAN. REQUIREMENTS AND INJUNCTIONS WARN. AS WELL
22  AS PASSENGER. Whom orally warned defendant Superiors By
23  Grievance complaints In prior Jan 27/23 Discrimination Incident
24  And thus passenger orally put defendants employees on
25  notice prior to take off for safety reasons and due to
26  SVSP. facility POT HOLE/ BUMPY Dangerous Road conditions
27  (79) plaintiff relied on defendants agents, servants, employees
28  to buckle strap him in. and secure wheel chair. necessary-

1  for my Safety and protection.
2  (80) While the Vehicle was moving over potholes/ huge bumpy
3  road danberous Conditions on premises the road became
4  rough and Vehicles fast speed created a bump & hard like
5  turbulance my wheel chair Jumped up, pitched Left &
6  right hitting my body on metal Interior cages Human
7  (Dog) transport cages.

(81) 8  . Defendants agents, employees Servants and employees,
9  then and there ~~negligently~~, RECKLESSLY Carelessly, recklessly,
10  unlawfully failed to Buckle Strap me in or Secure my
11  wheelchair Causing my Body and head to be thrown
12  out wheel chair and Intentionally, maliciously hit
13  Head first on metal gate/fence Separator. which
14  was proximate cause of my Injuries by defendants
15  unlawful Conduct as aforesaid, and by reason of plaintiff
16  being thrown from wheel chair out Seat Into metal gate onto
17  floor of non compliant ADA-VAN unconcious and did
18  Urinate on self. plaintiff's neck, head, forehead, and my
19  health was Injured as aforesaid Sustained, all to my damages,
20  dysfunctioning my self help/ aid in hygiene, therapy activities,
21  enjoyment of concentration to write/ read/ litigate.
22  I Declare under the penalty of perjury of the laws of the United
23  States In california ~~laws~~ that the foregoing is true and
24  Correct.

25  DARONTA J. LEWIS                    Daronta T Lewis
26  Date: June/18/23.

34

_____ CAUSE OF ACTION

1. (82) U S C S §1983. U.S. constitution Eighth Amendment &
2. Fourteenth Amendment Against Cruel and unusual punishment.
3. as guaranteed — to be prohibited.
4. (83) plaintiff alleges and realleges paragraph's 1 — 82 by
5. reference. as herein Incorporated. As fully set forth in
6. Complaint.
7. (84) Defendants violated plaintiff's U.S. constitutional and federally
8. protected rights while acting under color of state law
9. Causing my alleged deprivations of rights secured by
10. federal law. While acting their Individual capacities.
11. (85) Defendant's 1—82. as paragraphed.
12. _____
13. _____
14. was personally Involved In the alleged deprivations of rights
15. by performing customary unlawful practices against plaintiff's
16. oral and written grievance notice of. Befor and/or after
17. Incident occur'd. And custodial (transport) personnel Was
18. notified $ Supervisor'S, Also $ & recklessly Ignorned/disregarded
19. Substantial risk of Serious harm to plaintiff's health and
20. Safety. as alleged and re-alleged In paragraph's 1 — 84
21. and herein Incorporated by reference.
(86) — 22. thus; warden Was personally Involved whom Inspected ADA
23. Van personally and fail/refused to remediate Issue of safety
24. & security disputeable Issue. As well as ADA coordinator
25. Associate warden I-Allen Captain H. Lemelli, Lieutenant M.
26. Besario, Sergeant williams & sergeant Elindo.
27. Gov. Gavin Newsom, Director C. Gipson, Secretary K. Allison,
28. Associate Director H. Mosley Notified and fail/refused to act.

(87)-1  After filing of Title II of the Americans with disabilities
2  Act Section 504 of the Rehabilitation Act of 1973
3  Discrimination Complaint form. To Department of Justice
4  office of Attorney General Rob Bonta Chief law enforce-
5  -ment officer. Regarding Continuous discrimination at SVSP,
6  was, is, and has continued to be recklessly disregarded,.
7  These "person's" failed/refused to mitigate risk of harm
8  to health and safety of dependent/wheelchair bound Inmate
9  In custody care of superior officials an transport officer's
10  Failing/refusing to order and Implement orders to Buckle In my
11  person. and secure My wheelchair resulting In being thrown
12  head first into metal Van Interior separation fence/gate
13  thus the proximate cause of my 8th, 14th U.S. constitutional
14  rights.
15
16
17
18
19
20
21
22
23
24
25
26
27
28.

36

1 (88) Plaintiff herein realleges paragraphs 1 thru 87
2 herein Incorporated by reference.
3 (89) Substantive Eighth AmendentLaw: §1983.
4 Plaintiff alleged In paragraphs 1 - 88 Eighth.
5 Amendment Claims against Warden Trent Allen, ADA-
6 Coordinator Associate Warden E. Borla, Correctional
7 Triage center. Captain H. Lomelli, "CTC" correctional
8 Triage Center Lieutenant M. Berario, "CTC" Correctional
9 Triage center Sergeant Williams of A French &
10 Escobedo. , Sergeant Glindo , of F Vietela &
11 Ventura. , , Director Connie
12 Gipson, of "CDCR". California Department of corrections,
13 Secretary of "CDCR" Kathleen Allison, Associate Director
14 Howard Mosley., Defendants HAD BEEN Notified prior To 3/13/23
15 (90) plaintiff named above prison official(s) whom was
16 directly notified 1/27/2023. of Eighth Amendment U.S. consti-
17 tutional Violation(s) In grievance# 376572 about the
18 unlawful customary discriminatory practices of R&CR-
19 Sgt. DOE1. ms. Romero _officer_ L. Ricon _ officer of
20 transport CTC. whom Intentionally fail'd refused to comply
21 with Buckling/straping In Dependent wheelchair Bound-
22 person's or Securing wheelchair In safe usable space.
23 And Instead policy to get In back with Passengers &
24 hold his shoulder & wheelchair (a battery) touching
25 without consent offensively. Wheel the van drives on bumpy
26 rough ride throwing plaintiff Into officer & metal side door
27 causing Injury. Ranking superior's failed to act on Warning Notice
28 thus on 3 / 13 / 2023. named defendant's above Knew of And—

And recklessly disregarded substantial risk of harm to my
health and safety." Farmer V. Brennan, 511 U.S. 825, 837 (1994)
( 91 ) Thus here plaintiff realleges paragraphs 1 - 89
by reference and herein incorporate as it is fully set forth.
Defendant(s) A. Froch, Escobedo etal.
transport officer(s) knowingly failed to secure my wheel chair
AT All.... In the transport van or secure plaintiff's
body. and drove (operated) vehicle recklessly with utter
reckless disregard for my health & safety on bumpy SVSP
state prison premises-which is bumpy with potholes &
or Bumps lumps & dangerous causing injury when plaintiff
fell down, fell forward, was thrown forward, was -
thrown face head first into metal van separation grill-
gate during trip from dentist & trip to dentist.
(92) plaintiff alleges warden T-Allen, ADA A.W.E. Borla,
Lt M. Besario , sgt Williams , CAPTAIN H. Lomelli, All
Inspected the van or/and were all informed of the results
of the vans Inspections and conditions. And were thus
aware plaintiff and other protected class of Armstrong-
Inmates whom are wheel chair bound could not be/ or/were
Intentionally not safely secured during travel.
The SVSP Defendants knew of and recklessly disregarded
a substantial risk of harm to plaintiff.

38

CAUSE OF ACTION

42 U.S.C. §1983 — Violation of Equal protection Clause of the fourteenth Amendment.

(93) Plaintiff realleges paragraphs 1 - 92 as incorporated by reference plaintiff is a protected class patient under Armstrong remedial plan Armstrong V. Newsom. 2021 WL933106 United States District Court N.D. California. Stipulation order. 12. Docket No. 148.

U.S. DISTRICT JUDGE CLAUDIA WILLKEN.

ACCESSIBLE VEHICLES FOR TRANSPORT INTO INMATES

CEASE AND DESIST All FORMS OF DISCRIMINATION. I(#1)

(A) Plaintiff is an individual with a disability (2)(#2) I am otherwise qualified to participate in or receive the benefit of some services of public entities, programs, or activities (3)(#3) I am / was/ either excluded from participation in or denied the accessible transport benefits by the public entity; and 4 (#4): the exclusion, denial of benefits, or discrimination was by reason of my disability as a protected class passenger

(B) Defendants acted with an intest or purpose to discriminate against plaintiff based upon my membership in a protected class. plaintiff was subjected to differential treatment based on my membership in a protected class and my rights harm and person injured Due by denial of equal protection rights of the laws as gurantees by fourteenth amendment.

(94) 1   (i) PLAINTIFF Re Nleges and Incorporates by reference

2   paragraphs 1 — 93 of this COMPLAINT AS

3   THOUGH Fully SET FORTH HEREIN.

4

5

6   (95) *ADA Claims and Related California State Law Claims*

7   Plaintiff                , claims through the ADA, RA and related provisions of California

8   State law.       a claim under the ADA and RA,[1] plaintiff     allege :   elements: (1) the

9   plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in

10  or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was

11  either excluded from participation in or denied the benefits by the public entity; and (4) such

12  exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *See*

13  *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010). Here, plaintiff plausibly

14  alleges that he was denied safe travel because he is wheelchair bound and the prison lacked a van

15  that could safely accommodate a wheelchair.

16  (96)  For the same reason,           plaintiff     state  a claim under California

17  Government Code § 11135(a), which states: "No person in the State of California shall, on the

18  basis of . . . disability, be unlawfully denied full and equal access to the benefits of, or be

19  unlawfully subjected to discrimination under, any program or activity that is conducted, operated,

20  or administered by the state or by any state agency, is funded directly by the state, or receives any

21  financial assistance from the state."

22

23

24  a.

25  [1] While the RA has the additional requirement that the program or activity receive federal funds,
26  29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations
    created by the ADA and the Rehabilitation Act.
27

28

```
1              ————— CAUSE OF ACTION
2   ADA. ANTI RETALIATION — LAW FOR PLAINTIFF FILING ADA
3   GRIEVANCES AGAINST STATE PERSONNEL OFFICIALS
```

(96)
```
4   PLAINTIFF Re-Alleges and Incorporates By reference
5   paragraphs  1 — 95  of this complaint as though
6   fully set forth herein.
7   This action is brought under Title II OF ADA OF 1990 And
8   SECTION 504 OF THE REHABILITATION ACT OF 1973, And
9   Architectual Barriers Act ————————————————, And
10  42 U.S.C §1983. and under the First, and Eighth and
11  Fourteenth Amendments of the united states constitution et al.
12  On 4/09/2023. officer A. FRENCH. Retaliated for PLAINTIFF
13  Filing 3/13/2023. CDCR Grievance 602. And utilizing the
14  procedural required system to get relief from
15  SVSP. transport officer (S) As A. French From Continuing to
16  discriminate against me as he did 3/10/2023 And his co-
17  worker's Prior as on 1/27/23 All High ranking Superiors
18  State of california. and transport officer's Involved were named
19  In 602. warning officials of Discrimination 3/13/23. As DESCRIBED
20  In paragraphs  1 — 95  herein Incorporated by reference
21  as fully set forth in complaint. officer French on 4/9/2023
22  Stated "Fuck ADA Armstrong" "Im Covered" "were Covered,
23  he referred to Officer Ventura: F. Vitela.
24  (97) A French ordered Ventura. to commit battery and
25       get In the back of ADA VAN with me "Fuck my"
26  SAFETY OR SECUREMENT BELTS HOLD HIS SHOULDER &
27  WHEEL CHAIR WE OUT " I PLAINTIFF SAID you CANT I
28  Going To File Armstrong 602 Again!!!" He said "Fuck ADA Again—
```

41

we covered. IF you get hurt we covered."
Defendants Ventura, F-Videela Fell to Intervene
and without my consent Ventura offensively
made contact with my body & wheelchair
& Injured my Shoulder and allowed the
retalitory rough ride as speed limits was exceeded
(98) exceeded. plaintiff & officer thrown Side to Side,
and with jolting bumpy ride over lumpy premises-
road way threw plaintiff up & down. causing
fear for my life health & safety. and chest pains
and i urinated on myself i noticed once out of the Van.
upon exit of vehicle i was shook up and A. French
said Fuck ADA. I dont care write what you want
AGAIN NOW THATS WHAT YOU GET Im COVERED.
all OFFICER's wore BODY WORN CAMERA's THAT
DoES RECORD AUDIO AND VIDEO EVIDENCE TO
SUPPORT PLAINTIFFS CLAIMS. AND FACTUAL STATEMENTS.
see: Thompson V. Virgina, 878 F.3d 89 (4th cir. 2017)

CONTINUED ON PAGES 43

42

1. We Violated "Your Hurt?", "We Covered" Insured "Fuck Policy on ADA
2. Officer Ventura had to Hold my wheel chair, Fail to Intervene,
3. Officer Viatel Passenger Fail to Intervene. Supporting Battery—
Defendants A. French speech of "Fuck ADA" "We Covered"
Each officer in vehicle had on Bedi Worn Camera
Each Camera Video/Audio was Mandated to Be activated
On As Required by policy and Injunction per Courts and
Governor G Newsom— Thus On 4/09/23 Between 05:20 pm
and 07:20 pm. Each officer on Brand New ADA Van
Fail/Refused As custom and practice under color of State law
to reasonable accommodate patient. Intentually dis—
criminating against me by Sole reason of my disability.
I am A Qualified ADA covered patient/inmate whom was
Intentionally discriminated against by all herein named defendants

(9a)   (35) — Including — DGS. Department of General Services
CSCR. Insurance Risk Assement and damages. Services
for the State of California. Is herein Incorporated as a defendant
Whom fail/refused to abate further Substantial risk of harm
an harm— fail to Intervene—As a result i was harmed many
times and Injured— 3/13/2023. I Filed 602's On this issue —
Jan/27/2023— 2nd (2) For 3/13/2023. Discrimination Again in
non-compliant ADA-Van. Two Times In One Day. 3/13/2023 —
Day in was Injured. Interviewed 4/6/23. 12:40 Noon By
24 Shani Alliviso Still no corrective actions taken their is
25 no available State remedies available. thus Federal court of
26 Civil Rights division is a avenue for relief plaintiff/Grievant
27 will take and seek and Injunction— Officer French is hostile and
28 retalitory it's on Audio/Video— Bwe-All the Evidence prove my case.

2f

(100) The actions of Defendants set forth above were intended to retaliate against and punish Mr. D. Lewis for exercising his right to petition the government for redress of his grievances. Such conduct violated Mr. D. Lewis's right to free speech as guaranteed by the First and Fourteenth Amendment's of the United States Constitution.

(101) Because of Mr. Lewis's use of twDF/SVSP grievance's system and the court system, Defendants retaliated against Mr. Lewis using threat, intimidation, and force. By stating statements made in paragraphs 1 through

(102) herein incorporated by reference. Mr. Lewis would not be protected by deputies intervention or no type of personnel intervention for getting into it with their co worker's earlier that day 3/13/23 and filing grievances. Thus: Superiors was chilling Mr. Lewis's First Amendment rights. By ordering deputy/officer Defendants herein named in paragraph's 1 - Through 53-101 to have zero tolerance for Mr. Lewis trying to justify exercising his rights to protected conduct under the U.S. and California Constitution-First Amendment.

(103) Does 1-10, and each of them, failed and refused to intervene or prevent or try to prevent Defendants' wrongful conduct and assaults on Mr. Lewis. By failing to do so as customary, Does 1-10 ratified and condoned Defendant's wrongful conduct.

(104) Defendants threats and assults/sexual assault HS on 4/9/23 against D. Lewis, did not reasonably advance a legitimate correctional goal. Rather,

44

22

1  Defendants acted with the Intent to chill mr. Lewis's
2  exercise of his First Amendment rights.
105  3  _96_ Defendants threats and assaults would have
4  deterred a person of Ordinary firmness from
5  Continuing to engage in the protected conduct.
(106)  6  97 The actions of Defendants set forth above were
7  Intended to retaliate against and punish mr. lewis
8  for exercising his right to petition the government
9  for a redress of grievances. Such conduct Violated
10  mr. lewis's right Of freedom Speech as guranteed
11  by the First and Fourteenth Amendments of the
12  United States Constitution.
107  13  _98_ Because of mr. Lewis's use of <u>Defendants</u>
14  grievance system and the court System — and having
15  episodes of explosive disorder moments as diagnosed
16  when provoked, In fear, unsafe mentally distressed
17  plantiff acts out according to mental/disabilities
18  and defendants retaliate not de escalate with mr.
19  Lewis and he exercise lawful resistance against (VAN)
20  deadly force using officer—public servants whom does
21  exercise customary Violent retalitory practices to
22  coerce/force mr. Lewis to stop exercising protected
23  Conduct grievance filings and to stop having mental
24  health—explosive outburst. getting Staff extra work to do.
25  defendants herein named In paragraphs _1_ — _57-106_
26  was chilling mr. Lewis's exercise of his First Amendment
27  rights.
28

+

45

(108) 54 Does 1-10, and each of them, failed and refused to Intervene or prevent or try to prevent Defendant's assault's and sexual assaults on mr. D. Lewis's person By failing to do so, Does 1-10 ratified and condoned Defendants' assaults an dit wrongful conduct.

(109) 60 Defendant's threats and assaults would have deterred a person of ordinary firmness from Continuing to engage in protected conduct.

(110) 61 Defendants threats and assaults on × As stated against mr. Lewis did not reasonably advance a Correctional goal. Rather, Defendants acted with-Intent to chill mr. Lewis's exercise of his First Amendment of the United States Constitution and california Constitution. cc§§52.1, Ralph civil right Act of 1976, cc§52.1, Thomas Bane Act, personal rights

(111) 62 mr. Lewis did in fact experience a chilling effect on his First Amendment rights. Since assaults and violations of cc§52.1, Tom Bane and Ralph civil rights Act 1976, he plaintiff has since then experience emotional distress mental anguish nightmares, depression, and suicidal thoughts mr. Lewis is fearful of being attacked again in [Contra costa county] or other wise retaliated against again in the future for filing lawsuit/grievances by u.s. postal mail. against [Defendants staff members.

(112) 63 Defendant's wrongful conduct caused deprivations of mr. Lewis's protected rights & caused mr. Lewis's injuries &

and special damages as set forth above. The wrongful
conduct of these defendants legally caused mr. Lewis's
General and special damages as allowable pursuant
to federal law in amount according to proof.

6A  The conduct of Defendants was motivated by evil
Intent and involved reckless and callous indifference
to mr. Lewis's federally protected rights.

As a result, punitive damages should be addressed
and assessed against these Defendants.

## SECOND CAUSE OF ACTION

See continued page 25 of 27

47

Count- Claim _____

1 ( ) paragraph's __1__ Through __112__ are herein
2    incorporated by reference

3
4
5
6
7

8
9 (14)    • Americans with Disabilities Act of 1990 Title II
10    plaintiff herein files Title II of the ADA suit against
    the Administration of state prisons. Claim's Herein
    are filed against "public entity" under Title II of ADA
    In which i direct to State correctional system(s).
(11/5) plaintiff herein files a claim under Title II based on
    "the alleged deliberate refusal of prison officials to
    accommodate [prisoner's] disability related needs In
    Such fundamental's as Transport services for the mobility
    Impaired and any an all virtually related prison services, programs
    activities. Thus: Injunctive, declaratory, prospective relief Requested.

20    **B.   Americans with Disabilities Act**

21        Title II of the ADA applies to the administration of state prisons. Pennsylvania Dep't of

22    Corrections v. Yeskey, 524 U.S. 206, 209-10 (1998) (claims against a "public entity" under Title II of

23    ADA may be directed to state correctional systems). A prisoner may state a Title II claim based on

24    "the alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related

25    needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison

26    programs[.]" U.S. v. Georgia, 546 U.S. 151, 157 (2006).

27        To state a cognizable failure-to-accommodate claim under Title II, an individual must allege

28    the following four elements: (1) he is an individual with a disability; (2) he is otherwise qualified to

4 8

1   participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was

2   either excluded from participation in or denied the benefits of the public entity's services, programs, or

3   activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial

4   of benefits, or discrimination was by reason of [his] disability. O'Guinn v. Lovelock Correctional

5   Center, 502 F.3d 1056, 1060 (9th Cir. 2007) (citations, punctuation and internal quotation marks

6   omitted); see also Simmons v. Navajo County, 609 F.3d 1011, 1021 (9th Cir. 2010).

7         The ADA authorizes suits by private citizens for money damages against public entities,

8   United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the

9   statutory definition of 'public entity.'" Pennsylvania Dep't of Corr., 524 U.S. at 210. "To recover

10  monetary damages under Title II of the ADA ..., a plaintiff must prove intentional discrimination on

11  the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The

12  standard for intentional discrimination is deliberate indifference, which "requires both knowledge that

13  a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood."

14  Id. at 1139.

15        "In suits under Title II of the ADA ... the proper defendant usually is an organization rather

16  than a natural person.... Thus, as a rule, there is no personal liability under Title II." Roundtree v.

17  Adams, No. 1:01-cv-06502-OWW-LJO, 2005 WL 3284405 (E.D. Cal. 1, 2005) (quotations and

18  citations omitted). Indeed, a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State

19  official in his individual capacity to vindicate rights created by Title II of the ADA. Vinson v.

20  Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). Thus, PLAINTIFF DoE Doz seek injunctive relief

21  against an individual defendant's ... the defendant's sued in Their official capacity's Miranda B.

22  v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003).

23        Plaintiff Do name the appropriate entity or state officials in their official capacities,   he

24  Do not name individual prison employees in their personal capacities. Shaughnessy v. Hawaii, No.

25  09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D. Haw. Jun. 24, 2010); Anaya v. Campbell, No. CIV

26  S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D. Cal. Nov. 9, 2009); Roundtree v. Adams,

27  No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D. Cal. Dec. 1, 2005). Individual

28

liability is precluded under the ADA.  Shaughnessy, 2010 WL 2573355, at *8; Anaya, 2009 WL 3763798, at *5-6; Roundtree, 2005 WL 3284405, at *5.

NOW Here, ~~suing~~ Plaintiff is an ADA inmate because of the necessity of a wheelchair, he has ~~failed to~~ DOES allege that he was denied access to a governmental benefit because of that disability. ~~Rather~~, Plaintiff contends he was not provided ~~adequate~~ medical devices and/or treatment by Doctor ANY TRANSPORT AIDS/DEVICES SECUREMENTS SAFETY Kokor. BECAUSE OF MY DISABILITY. THUS NO ~~████████████~~

~~Dr. Kokor~~ Interference with ADA. RA Rights, AND INTENTIONAL DISCRIMINATION, DELIBERATE INDIFFERENCE TO SERIOUS SAFETY NEEDS.

## Count-claim_____

(116) 1. Plaintiff a disabled person mobility impaired permanent wheel
2. chair user sues on behalf of himself. But is a protected
3. classmember under Armstrong VS. Edvin Newsom. cite
4. 2021 WL 933106.

(17) 5. Plaintiff who could not use defendant's public entities. public prison
6. transportation. System services. In Direct violation of §504 –
7. of the Rehabilitation Act of 1973, 29 U.S.C.S. §794. which does
8. contain Injunctive. declaratory and prospective and___
9. affirmative remedies as is conferred a private right of
10. action on plaintiff. As authorized under Exec. ord. No.
11. 11914, 41 Fed. Reg. 17871 (1976), and regulations promulgated
12. by the urban Mass Transportation Administrator, which issued
13. conclusion the above materials filed the gap between §504
14. of the Act and §601 of Title VI of the civil rights Act of 1964,
15. 42 U.S.C.S. §2000d. which is language that provides___
16. plaintiff is among a class of beneficiaries Intended to
17. be benefitted by §504, that congress Intended to
18. create a private right, that It was consistent with –
19. the legislative scheme to imply the right, and that
20. doing so would not Invade a traditional area of concern.

(18)(2) It is clear that the rehabilitation Act of 1973 carried affirmative-
22. remedies and that plaintiff disabled person has an implied –
23. right of action to obtain those remedies.
24.
25.
26.
27.
28.

51

1
2
3
4
5
6
7
8
9

## ~~Second~~ Cause of Action
### (Eighth Amendment – Cruel and Unusual Punishments, 42 U.S.C. § 1983)

10    119 ~~50~~.    Plaintiffs incorporate by reference each and every allegation contained in
11    Paragraphs 1-45 as if set forth fully herein. 1-95-119.
12    120 ~~51~~.    By the policies and practices described herein, Defendant subjects Plaintiffs
13    and class members to a substantial risk of serious harm and injury from inadequate health
14    care, and has violated their right to be free from cruel and unusual punishments under the
15    Eighth Amendment to the United States Constitution.  These policies and practices have
16    been and continue to be implemented by Defendant and its agents, officials, employees,
17    and all persons acting in concert under color of state law, in their official capacity, and are
18    the proximate cause of the Plaintiffs' and the class's ongoing deprivation of rights secured
19    under the Eighth Amendment.
20    121 ~~52~~.    Defendant has been and is aware of all of the deprivations complained of
21    herein, and has condoned or been deliberately indifferent to such conduct.
22
23    ## Third Cause of Action
### (Americans with Disabilities Act, 42 U.S.C. § 12132 and 28 C.F.R. § 35.152(b)(1))
24    122 ~~53~~.    Plaintiffs incorporate by reference each and every allegation contained in
25    Paragraphs 1-45 as if set forth fully herein. 1-95-119.
26    123 ~~54~~.    Defendant is a public entity as defined under 42 U.S.C. § 12131(1)(A).
27
28

CIVIL CLASS ACTION COMPLAINT FOR INJ...

Case 3:20-cv-06848   Document 1   Filed 09/30/20   Page 18 of 21

124 55.   Defendant violates the ADA by failing to ensure that people with disabilities have access to, are permitted to participate in, and are not denied the benefits of, programs, services, and activities.  42 U.S.C. § 12132; 28 C.F.R. § 35.152(b)(1).

125 56.   Defendant violates the ADA by failing to make "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability . . . ." 28 C.F.R. § 35.130(b)(7)(i).

126 57.   Defendant violates the ADA by failing to "ensure that inmates or detainees with disabilities are housed in the most integrated setting appropriate to the needs of the individuals." 28 C.F.R. § 35.152(b)(2).

127 58.   Defendant violates the ADA by failing to "furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities ... an equal opportunity to participate in ... a service, program, or activity of a public entity." 28 C.F.R. § 35.160(b)(1).

128 59.   Defendant violates the ADA by failing to notify people about their rights under the ADA while detained in its jails. 28 C.F.R. § 35.106.

129 60.   Defendant violates the ADA by failing to "adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by ... [the ADA]." 28 C.F.R. § 35.107(b).

130 61.   As a result of Defendant's policies and practices regarding people with disabilities in its jails, Plaintiffs and class members with disabilities do not have equal access to jail activities, programs, and services for which they are otherwise qualified.

<div align="center">

**~~Fourth~~ Cause of Action**

**(Section 504 of the Rehabilitation Act)**

</div>

131 62.   Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-45 as if set forth fully herein.

132 63.   Defendant receives federal funding within the meaning of the Rehabilitation Act.

<div align="center">53</div>

133 64.    Defendant violates Section 504 of the Rehabilitation Act by discriminating against people with disabilities solely on the basis of their disabilities and by failing to reasonably accommodate people with disabilities in its facilities, programs, activities, and services. 29 U.S.C. § 794.

134 65.    As a result of Defendant's discriminating against and failing to provide a grievance procedure and reasonable accommodations to people with disabilities, Plaintiffs and class members with disabilities do not have equal access to jail activities, programs, and services for which they are otherwise qualified.

## PRAYER FOR RELIEF

135 66.    Plaintiffs ~~and the class they seek to represent~~ have no adequate remedy at law to redress the wrongs suffered as set forth in this complaint. Plaintiffs have suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless they are granted the relief requested. The need for relief is critical because the rights at issue are paramount under the Constitution of the United States, the ADA, and Section 504 of the Rehabilitation Act.

136 67.    WHEREFORE, Plaintiffs on behalf of themselves and the class and subclass they represent, request that this Court grant the following relief:

   a.   Declare the suit is maintainable ~~as a class~~ action ~~pursuant to Federal Rule of Civil Procedure 23(a), (b)(1) and (b)(2)~~;

   b.   Adjudge and declare that the conditions, acts, omissions, policies, and practices of Defendant and its agents, officials, and employees are in violation of the rights of Plaintiffs ~~and the Class they represent~~ under the Fourteenth and Eighth Amendments to the U.S. Constitution, the ADA, and Section 504 of the Rehabilitation Act;

   c.   Enjoin Defendant, its agents, officials, employees, and all persons acting in concert under color of state law or otherwise, from continuing the unlawful acts, conditions, and practices described in this Complaint;

54

1      d.    Order Defendant, its agents, officials, employees, and all persons

2          acting in concert under color of state law or otherwise, to provide

3          adequate mental health, medical, and dental care, including but not

4          limited to sufficient intake screening, sufficient staffing, timely access

5          to appropriate clinicians, timely prescription and distribution of

6          appropriate medications and supplies, timely access to specialty care,

7          and timely access to competent therapy, inpatient treatment, and

8          suicide prevention;

9      e.    Order Defendant, its agents, officials, employees, and all persons

10         acting in concert under color of state law or otherwise, to provide

11         equal access to programs, services, and activities for people with

12         disabilities, including but not limited to housing people with physical

13         disabilities in accessible ~~housing~~ *-vehicles-* appropriate to their needs, timely

14         delivery of and appropriate access to assistive devices, and medically *ADA VANS*

15 *SfrH SAFE SECURE*   providing an effective grievance system to contest disability

16 *ADA VAN*   discrimination, and notifying people with disabilities their rights

17         under the ADA and Section 504 of the Rehabilitation Act;

18      f.    Award Plaintiffs, pursuant to 29 U.S.C. § 794, 42 U.S.C. § 1988, and

19 *A2usc §202X*   42 U.S.C. §§ 12205, 12133, and other applicable law, the costs of this

20         suit and reasonable attorneys' fees and litigation expenses;

21      g.    Retain jurisdiction of this case until Defendant has fully complied

22         with the orders of this Court, and there is a reasonable assurance that

23         Defendant will continue to comply in the future absent continuing

24         jurisdiction;

25      h.    ~~Appoint the undersigned counsel as class counsel pursuant to Federal~~

26         ~~Rule of Civil Procedure 23(g); and~~

27      i.    Award such other and further relief as the Court deems just and

28         proper. *$9MilliON U·S dollars Total.*

*19 55*

I Declare eunder the penalty of perjury the foregoing is true an corets

06/18/2023

Dated: ~~September 30, 2020~~

1

2      *Daronta T. Lewis*

3      /s/ ~~Corene T. Kendrick~~
       ~~Corene T. Kendrick~~

4      *Attorney for Plaintiffs*   Pro se

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

56

CIVIL   CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Daronta T. Lewis
CDCR # BH5097
D-3. 112 ADA
Soledad, CA, 93960

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARONTA T. LEWIS
        PLAINTIFF                                        PLAINTIFF


                                        VS.


A. FRENCH et al
        Defendants.                        Defendants

No. 3: 23 - CV - 02505 - AMO

        Proof of Service

on. 6/18/23  via legal u.s. mail. I caused The
Following to be maild: Notice of motion for per-
mission. FOR Leave To file. Amended complaint
For Injunction pending. cdcr. 602 Grievance 2nd-
Level complete exhaustion. By placing a true
an correct Copy of original in E-Fileing mail.
In Sealed postage paid envelope.
At Soledad, CA, 93960 - 1050.
Addressee: U.S.D.C. Northern Dist. 450 Golden Gate
Avenue Box 360 60. San Francisco, CA, 94102 - 9680
I Declare under The penalty of perjury the foregoing is
True and correct:
Date 6/18/2023        Daronta T Lewis

                57

# CIVIL COMPLAINT