UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>A. FRENCH, et al.,<br><br>    Defendants. | Case No. 23-cv-02505-AMO (PR)<br><br>**ORDER ADDRESSING DEFENDANTS' PENDING MOTIONS AND TERMINATING PLAINTIFF'S CERTAIN PENDING MOTIONS AS PREMATURE AND UNNECESSARY**<br><br>Re: Dkt. Nos. 84, 94, 95, 98, 103, 105, 106, 109, 111, 112, 113, 114, 115, 119, 124, 126, 127, 132, 133, 134, 135, 141, 142, 146, 151, 153, 155, 156, 161, 162, 167, 172, 174 |

Before the Court are various motions filed by Defendants and Plaintiff Daronta T. Lewis in the above-captioned civil rights action under 42 U.S.C. § 1983. The Court addresses each motion below.

I. **DEFENDANTS' MOTIONS**

Defendants request all dates in the screening order be vacated and reset after Lewis's pending motion for leave to file a second amended complaint ("SAC") (Dkt. 121) is resolved and the SAC, if permitted, is screened under the Prison Litigation Reform Act. Dkt. 94.

In light of Lewis's numerous filings, Defendants also filed a request for clarification on how to respond to these filings. *See id.* at 4. They request to be excused from the requirement to respond to every filing and that, if the Court requires a response, it affirmatively direct Defendants

to respond.[1]

Lastly, Defendants have filed a motion for a protective order staying discovery "until after the pleadings are at issue . . . [and] . . . because Defendants, although served, have yet to file a responsive pleading, and importantly, [Lewis] has a pending motion to amend the complaint." Dkt. 95.

Good cause appearing, the Court **GRANTS** Defendants' requests (Dkts. 94, 95) and, **IT IS ORDERED** that:

(1) All dates in the screening order (Dkt. 50) are **VACATED**;

(2) The Court shall reset all dates after the pending motion for leave to file a SAC is resolved and the SAC, if permitted, is screened;

(3) In light of Lewis's numerous filings, Defendants need not file a response to any further motion unless ordered to do so by the Court; and

(4) Defendants' motion for a protective order staying discovery is **GRANTED**. Dkt. 95. The Court will reopen discovery once Lewis's pending motion for leave to file a SAC is resolved, and the SAC, if any, is screened.

(5) Defendants shall file their response to Lewis's motion for leave to file a SAC (Dkt. 121), his motion for expedited screening of the SAC (Dkt. 123), his motion to correct the spelling of each Defendant's name in the SAC (Dkt. 125), his motion for emergency screening (Dkt. 128), and his pending renewed motion for default judgment (Dkt. 170) no later than **twenty-one (21) days** from the date of this Order.

## II.    PLAINTIFF'S MOTIONS

As the Court has previously noted, throughout the course of these proceedings Lewis has submitted copious amounts of handwritten pleadings, motions, letters and other documents. The majority of these documents have been submitted at Lewis's own initiative and not in response to any Court order or pleading filed by Defendants.

At this time, the Court has stayed discovery and will consider Lewis's motion for leave to

---

[1] Defendants "will respond to [Lewis's] motions for default judgment, motions to compel, and motions to amend the complaint as ordered by the Court in ECF No. 87." Dkt. 94 at 4.

file a SAC[2] (Dkt. 121),[3] motion for expedited screening of the SAC (Dkt. 123), motion to correct the spelling of each Defendant's name in the SAC (Dkt. 125), motion for emergency screening (Dkt. 128), and renewed motion for default judgment (Dkt. 170) after Defendants file their responses to those motions. For this reason, all other remaining pending motions filed by Lewis are **DENIED AS PREMATURE OR UNNECESSARY**, including all his discovery motions (Dkts. 105, 109, 112, 124, 133, 134, 135, 141, 142, 151, 153), his duplicative motions relating to screening his SAC (Dkts. 98, 103, 106, 111, 113, 126, 132, 146, 161), his duplicative motion relating to his motion for default judgment (Dkt. 127), and his motions for various premature or unnecessary Court orders (Dkts. 84, 114, 115, 119, 155, 156, 162, 167, 172, 174). To be clear, the only motions which will remain pending on the docket are Lewis's most-recently filed motion for leave to file a SAC (Dkt. 121), motion for expedited screening of the SAC (Dkt. 123), motion to correct the spelling of each Defendant's name in the SAC (Dkt. 125), motion for emergency screening (Dkt. 128), and renewed motion for default judgment (Dkt. 170). The Court will issue orders resolving those motions after it has adequately considered them.

There appears to be no need for Lewis to file further pleadings in this action until *after* (1) the Court reviews his five pending motions once Defendants file their responses, or (2) instructs Lewis to do so if there is reason for any pleadings to be filed. This does not mean that Lewis is prohibited from filing additional pleadings before then, but the Court directs Lewis to refrain from filing duplicate documents or any similar unsolicited filings. If Lewis files duplicative motions they will be **TERMINATED** as premature and unnecessary with a reference to this Order by the Clerk of the Court. If he wishes to amend his motion, he should clearly caption it as "Amended".

This Order terminates Docket Nos. 84, 94, 95, 98, 103, 105, 106, 109, 111, 112, 113, 114, 115, 119, 124, 126, 127, 132, 133, 134, 135, 141, 142, 146, 151, 153, 155, 156, 161, 162, 167,

---

[2] The SAC is the 104-page document marked as received by the Clerk of the Court (Dkt. 123 at 20-65; Dkt. 123-1 at 1-62).

[3] The Court notes that Lewis's SAC is actually 107 pages because he misnumbered certain pages by filing two different pages with the same page numbers: pages 60 (*see* Dkt. 123-1 at 15-16), 83 (*see id.* at 39-40), and 84 (*see id.* at 41-42).

172, and 174.

**IT IS SO ORDERED.**

Dated: March 31, 2025

                                                                                 
**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**